■ COLLEEN RUSTON MICCIO, Respondent, v FITS SYSTEMS, INC., et al., Appellants. [810 NYS2d 13]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered February 14, 2005, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to dismiss the first and second causes of action as time-barred insofar as based on acts that occurred before June 18, 2001, the third and fifth causes of action in their entirety, and the claim for punitive damages under the first cause of action, and otherwise affirmed, without costs.

There is no merit to defendants' argument that the first cause of action for sexual harassment is barred because plaintiff did not file a complaint with the State Division of Human Rights within one year after the alleged acts of harassment (Executive Law § 297 [1], [5], [9]). However, the cause of action is time-barred insofar as based on acts that occurred more than three years before commencement of the action (CPLR 214 [2]), i.e., before June 18, 2001, and we modify accordingly. The second cause of action alleging disparate compensation due to plaintiff's sex and marital status is, insofar as based on the federal Equal Pay Act (29 USC § 206 [d]; *see Pollis v New School for Social Research*, 132 F3d 115, 118 [2d Cir 1997]), time-barred with respect to compensation allegedly earned before June 18, 2001. Although a violation of the Equal Pay Act is generally subject to a two-year limitations period, a three-year period applies if the violation was willful (29 USC § 255 [a]), i.e., the lower compensation was motivated by an intention to discriminate; whether a violation was willful is an issue of fact for the jury (*see Pollis*, 132 F3d at 119-120). We note that a compensatory damage award for a willful violation is to be doubled (*id.* at 120). The allegations relating to the Equal Pay Act also suffice to state a cause of action under the Human Rights Law. Whether, as defendants claim, plaintiff was no longer their employee as of May 1, 2000, but became an independent contractor to whom neither the Human Rights Law nor the Equal Pay Act applied, is a jury question. The allegations in the third cause of action are virtually identical to those in the second, and we accord-

ingly dismiss the third cause of action as redundant. The fifth cause of action, alleging "harassment, annoyance, inconvenience," fails to state a cause of action. Punitive damages are not recoverable under the first cause of action alleging violations of the Human Rights Law unrelated to housing discrimination (Executive Law § 297 [9]), but are recoverable under the fourth cause of action alleging a tortious wrongful discharge (*cf. Swersky v Dreyer & Traub*, 219 AD2d 321, 328-329 [1996], *appeal withdrawn* 89 NY2d 983 [1997]). We have considered and rejected defendants' other contentions. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.